# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

VICTOR RODRIGUEZ, IOAN BLAJ,
SIXTO DE LOS SANTOS, LUIS F.
DUARTE, EROL HAFIZBEGOVIC,
ANGEL CRESPO, JOSE L.
RODRIGUEZ, GREGLY WILSON,
HECTOR MEDINO, ALFREDO
RODRIGUEZ, JOSE ESPARRA, JR. ,
LARRY GROVES, FRITZ GEDEON,
FAIDRICK JOUBERT, GLENWARD
WILLIAMS, CARLOS ALMONTE,
EMILIO HERNANDEZ, LUIS ORREGO,
HANCE FELIX, WALTER HERNANDEZ
ANDRADE, JEAN-SIMON LAGUERRE,
JOSE LOPEZ, HECTOR FLORES,
EDDIE DIAZ, JOSE HERNANDEZ
ANDRADE, INGRID MEINHOLD,
EFRAIN OVIEDO, MARTHA
HERNANDEZ, ARTURO HERNANDEZ,
MARIO MARTINEZ, YAIMELIT ZERPA,
MARILYN ORTIZ, FABIO FRANCO,
STANLEY FENELON, DOMINGO
GOMEZ, ABIDALLY AZEEZ,
MARQUITOS GARCIA, SIMON
SUMERLIN, OMNES ENCARNACION,
HAROLD HARDEMON, ALLAN
GREENE, PEDRO F. GUTIERREZ,
PEDRO LUIS GUTIERREZ, AZAIRE
ISNARD, EFNER BAPTISTE, ROBERT
WATSON, FRANCO MATHURIN,
KEITH JACKSON, ROBINSON
FAUSTIN, PEDRO HERNANDEZ,
FREDERICK ATTIE, RODNEY ZAYAS
and HENRY BENJAMIN,

                    Plaintiffs,


v.                                          Case No:  6:17-cv-1113-Orl-40DCI

MEARS    DESTINATION    SERVICES,
INC., PAUL S. MEARS, III , JAMES B.
MEARS and CHARLES E. CARNS, JR.,

                 Defendants.

_____/

## <u>ORDER</u>

This cause comes before the Court on the parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement and Authorization to Issue Notice to Class Members (Doc. 255), filed April 11, 2018. On April 18, 2018, the Court held a hearing on the Motion at Docket Entry 255. For the reasons stated on the record in the April 18 hearing, and in light of the Court having been advised that the parties to this action, through their respective counsel, have agreed, subject to Court approval, to settle the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set forth in the Settlement and Release Agreement ("Agreement")[1] filed with the Court, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion for Preliminary Approval of Class and Collective Action Settlement and Authorization to Issue Notice to Class Members (Doc. 255) is **GRANTED**.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

3. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Class Counsel will provide confirmation that the Defendant

---

[1] For purposes of this Order, the Court uses the definitions identified in the Agreement and incorporates them by reference herein (with capitalized terms as set forth in the Agreement).

served written notice of the proposed class settlement on the United States Attorney General and other required government officials.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following settlement class (hereinafter referred to as the "Settlement Class Members"):

   **All individuals who have signed a contract with Defendant as an independent contractor in Mears' Luxury Fleet Division between June 19, 2013, and the date of Preliminary Approval, who contracted with Mears to provide at least seven (7) days of services during the Class Period (June 19, 2013 to the date of preliminary approval).**

5. Pursuant to Federal Rule of Civil Procedure 23, the Court appoints Lawrence & Bundy LLC and Burruezo & Burrezo, PLLC, as lead Class Counsel.

6. The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

   a. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

   b. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

   c. Plaintiff's claims are typical of the claims of the Settlement Class Members;

    d.  Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

    e.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court preliminarily finds that the proposed Agreement (Doc. 255-1) is reasonable, fair, and adequate, and the Court grants preliminary approval to it.

8. The Court finds that Section 4.1 of the Release (Doc. 255-1, pp. 9–10) is superseded by Section 4.1 as set forth by the parties at Docket Entry 263. The superseding Release Section 4.1 (Doc. 263) shall be the operative provision, and shall bind all parties to the Agreement.

9. The Court approves the form and substance of the notice of class action settlement described in Section 2.3 of the Agreement (Doc. 255-1). The Court also approves of the notice form appended to the Agreement. (Doc. 255-1, pp. 18–29) The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons

and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

10. The Parties shall effectuate the provision of notice in accordance with Section 2.3 of the Agreement.

11. As stated at the April 18, 2018, hearing before the Court, the Parties shall ensure the notice is posted to the mearslitigation.com website. The Parties are not, however, required to publish the notice in Orlando newspapers or post the notice at Defendant's headquarters.

12. If **twenty (20) percent** or more of the attempted notice letters are returned as undeliverable, then the Parties shall cooperate to advertise notices of the settlement in (1) a newspaper of general circulation in Orlando, and (2) newspapers targeted to the Hispanic and Haitian populations in the Orlando area.

13. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it will be held before this Court on **August 21, 2018, at 10:00 a.m.** The final fairness hearing will be conducted before the Honorable Paul G. Byron in the United States Courthouse, 401 West Central Boulevard, Orlando, Florida, Courtroom 4B. The Court has set aside two (2) hours to conduct the hearing.

14. Class members shall have **sixty (60)** days from the date notice of the Class Settlement is initially mailed to opt out or request exclusion, enter an appearance, or file an objection.

15. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

**DONE AND ORDERED** in Orlando, Florida on April 20, 2018.


PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties