IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICTOR RODRIGUEZ et al.,
for themselves and similarly situated individuals,

      Plaintiffs,

  v.                                        CASE NO. 6:17-cv-1113-ORL-40DCI

MEARS DESTINATION SERVICES, INC. et al.,

      Defendants.

_____

## FINAL ORDER APPROVING CLASS SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

This cause came before the Court on August 29, 2018, for a Final Fairness Hearing pursuant to the Court's Preliminary Approval Order (Doc. 264) and Notice of Rescheduling Final Hearing (Doc. 281).[1]  Having heard argument of counsel, having further reviewed the Parties' Settlement and Release Agreement (the "Settlement Agreement"), having considered the two Objections filed (Doc. 273, Exhibits A and B) and the Parties' responses thereto (Docs. 275 and 276), and having examined the causes of action pled and the applicable law in this case, the Court finds and concludes as follows:

1.      The Court has jurisdiction over the subject matter of the litigation and the litigants, including Plaintiffs, Opt-Ins, Class Members, and Defendant;

2.      The Class Members are former and current luxury vehicle drivers who contracted with Mears Destination Services, Inc. ("Mears" or the "Company") to purchase luxury vehicle services.  Plaintiffs originally filed a multi-count Complaint (the "Complaint") (Doc. 1) on June 19, 2017, against Mears and six Individual Defendants.  In the initial Complaint, Plaintiffs asserted

_____

[1] Undefined terms used in this Order have the meanings prescribed in the Settlement Agreement.

causes of action for:  declaratory relief (Count I); violations of the Fair Labor Standard Act (the

"FLSA") (Count II); fraud in the inducement (Count III); unjust enrichment (Count IV); quantum

meruit (Count V); and injunctive relief (Count VI).  The Complaint sought certification of a class

of current and former luxury vehicle drivers under Section 216(b) of the FLSA and certification

of a class of drivers under Rule 23 of the Federal Rules of Civil Procedure for all other claims.

Plaintiffs voluntarily dismissed three of the Individual Defendants without prejudice on August 3,

2017 (Doc. 81).  Subsequently, on February 27, 2018, Plaintiffs filed their First Amended

Collective and Class Action Complaint ("Amended Complaint") (Doc. 247).  In the Amended

Complaint, Plaintiffs dropped the remaining Individual Defendants from the lawsuit, dropped their

fraud claim, and asserted additional causes of action against Mears for breach of contract (new

Count III) and violations of the Florida Minimum Wage Act (the "FMWA") (new Count VI).  As

in their initial Complaint, Plaintiffs brought their FLSA claims as a purported collective action

under Section 216(b) and their other causes of action as a purported class action under Rule 23.

       3.      Following the Court's grant of the Parties' Joint Motion for Preliminary Approval

of Class and Collective Action Settlement and Authorization to Issue Notice to Class Members

(Doc. 255), the Class Members overwhelmingly accepted the Settlement Agreement.  Of the 924

Class Members, 651 of them filed Claim Forms and opted to receive the settlement (approximately

70% of the class).  The claims made totaled $2,016,115.02, or 95% of the Settlement Fund.  By

contrast, only fifteen Class Members (fourteen of whom filed a single Objection together) filed

Objections to the Settlement Agreement.[2]  This limited opposition – made only by 0.023% of the

Class – manifests the Class' overwhelming acceptance of the Settlement Agreement and confirms

the Court's initial finding that "the proposed Agreement…is reasonable, fair, and adequate…"

---

[2] Thirteen of the fifteen Objectors also submitted Claim Forms.

Preliminary Approval Order, Doc 264 at 4; *see also Sewell v. D'Alessandro & Woodyard, Inc.*,
No. 2:07-CV-343-FTM-29SP, 2011 WL 6047085, at *1 (M.D. Fla. Dec. 6, 2011) (granting final
approval to class action settlement agreement when over 600 claims were filed and only two
objections were made); *Perez v. Asurian Corp*., 501 F. Supp. 2d 1360, 1382 (S.D. Fla. 2007)
(considering tiny percentage of objectors out of large class as weighing in favor of accepting
settlement agreement).  None of the Objectors appeared at the Final Fairness Hearing, and only
one Class Member opted out of the Class (Doc. 274).

4.    The high number of Claim Forms submitted also establishes that the Notice and
Claim Form previously approved by the Court and sent to the Class Members via mail and e-mail
correspondence[3] constituted the best practicable notice under the circumstances to all members of
the Class.  To this end, the Parties' Notice (and procedures for distributing such Notice) fully met
the requirements of Rule 23 as well as any and all substantive and procedural due process rights
guaranteed by the U.S. Constitution and any other applicable law.

5.    The Eleventh Circuit has identified several factors for courts to consider in
determining whether to grant final approval to a class action settlement agreement: "(1) the
likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range
of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity,
expense, and duration of litigation; (5) the substance and amount of opposition to the settlement;
and (6) the stage of proceedings at which the settlement was achieved." *Bennett v. Behring Corp.*,
737 F.2d 982, 986 (11th Cir. 1984) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir.
1977)).  These factors warrant approval of the Parties' Settlement Agreement in this case.

---

[3]  E-mail notice was sent to 818 e-mail addresses, in addition to the mailings and re-mailings
required by the Preliminary Approval Order.

6.      First, consideration of the Parties' respective likelihood of success on the merits, as well as the potential complexity, duration, and expense of litigation in this case, warrant final approval of the Settlement Agreement in this case.  The Parties, in response to the Court's FLSA Scheduling Order (Doc. 87), exchanged data and information about the claims alleged in the Complaint and Amended Complaint.  In addition, Mears also provided Class Counsel with IRS Forms 1099K and 1099 issued to members of the proposed Class.  The Parties also exchanged significant evidence during a settlement conference conducted by Magistrate Judge Thomas B. Smith.  While liability is disputed, the Parties agreed to settle all claims in this dispute because, based upon the information exchanged, each Party would have faced uncertain risk and unavoidable fees and costs in ultimately proving their claims and defenses at summary judgment and/or at trial.  More specifically, while Plaintiffs believe their claims have merit, Class Counsel understood that the resolution of liability and damage issues, the outcome of trial, and the inevitable appeals process would all prove uncertain in terms of outcome and duration.  Similarly, Mears recognized the costs and inherent risks of litigation and made a business decision to settle the case without admitting any liability or wrongdoing, which it vigorously disputes.

7.      Consideration of the stage of proceedings at which the settlement was achieved also warrants final approval.  More specifically, the Court finds that counsel for both Parties aggressively and professionally pursued their claims and defenses in this case for nearly a year.  During this time, there was no collusion involved in the negotiations leading to the Settlement Agreement.  To this end, Class Counsel created a Litigation Committee, whose membership reflected the diversity of the Class Members and their varying business relationships with Mears, to assist in the litigation and to independently evaluate Mears' settlement proposals. The Litigation Committee made the decision to accept Mears' final offer of settlement outside the presence of

Class Counsel. After agreeing to settle this matter, the Litigation Committee also independently approved the Service Awards and attorneys' fees and costs previously preliminarily approved by the Court.

8.      The range of possible recovery in this matter also weighs in favor of final approval. In terms of the amount of the total Settlement Fund set aside for Class Counsel's fees and costs, the Court finds that such amount is fair and reasonable under the circumstances. In reaching this conclusion, the Court has carefully considered the fees and qualifications of Class Counsel, their discounted fee approved by the Litigation Committee, and the average fee awards in similar class and collective action settlements. The fees sought in this case are less than 24% of the Total Settlement Fund, which is reasonable under the circumstances and given the work performed and result achieved.

9.      Finally, the substance and amount of objection to the Parties' Settlement Agreement also weighs in favor of final approval. Only fifteen Class Members (fourteen of whom filed a single Objection together) filed Objections to the Settlement Agreement, representing only 0.023% of the Class. Moreover, the concerns expressed in the two Objections do not provide a meritorious reason to deny final approval in this case.

10.     For all of these reasons, as well as those stated at the Final Fairness Hearing, the Court finds the Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

A.      All defined terms contained in this Final Order shall have the same meanings as set forth in the Parties' Settlement Agreement;

B.      The Court gives final approval of the Settlement Agreement as fair, reasonable, and adequate to the Class Members, and in full compliance with all requirements of due process and

federal and state law, and the Court further approves the settlement as fair and reasonable under

the FLSA.  The Settlement Agreement is finally approved in all respects and its terms and

provisions shall be consummated;

C.      The Settlement Agreement is binding on the Parties and the Class Members.  The

Class is as previously defined as follows:

> **All individuals who have signed a contract with Defendant as an independent contractor in Mears' Luxury Fleet Division between June 19, 2013, and the date of Preliminary Approval, who contracted with Mears to provide at least seven (7) days of services during the Class Period (June 19, 2013 to the date of preliminary approval).**

Doc 264.  The date of the preliminary approval order was April 20, 2018;

D.      Except as to Clinton J. Grubb, who was the only person to timely and effectively

opt-out of the settlement, the Court hereby dismisses with prejudice this case and all claims

contained in the Complaint and the Amended Complaint, and bars and permanently enjoins all

Class Members from bringing, commencing, prosecuting, or asserting any Released Claims

against Defendant, on his or her behalf, and on behalf of his or her respective current, former and

future representatives, heirs, spouses, executors, administrators, agents, and attorneys, forever and

fully releases and discharges any and all Releasees from any and all claims, rights, demands,

liabilities, and causes of action of every nature and description, whether known or unknown,

arising during the Class Period, including without limitation, statutory, constitutional, contractual

or common law claims, civil or statutory penalties, liquidated damages, punitive damages, interest,

attorneys' fees, litigation costs, restitution, or equitable relief.  The Class Members' Released

Claims include claims meeting the above definition under any and all applicable federal, state, or

local laws, statutes, rules, regulations, ordinances, and orders;

E.      The Parties have fully complied with the Class Action Fairness Act;

6

F.      The two objections filed by the Objectors are overruled and denied for the reasons stated during the Final Fairness Hearing and because the Court finds that the settlement is more than fair, reasonable, and adequate;

G.      Plaintiffs and Class Counsel adequately represented the members of the Class for the purposes of entering into and implementing the Settlement Agreement;

H.      Defendant properly issued sufficient notice of the Settlement Agreement to the Class Members and, in doing so, met the notice requirements as set forth in the Preliminary Approval Order and the Settlement Agreement;

I.      The Court approves the settlement payments to be made to each Class Member. Attached as Exhibit A is the list of payments to be made to those Class Members who properly and timely submitted Claim Forms.  No other Class Member will receive any payment;

J.      The payments made to three former clients of Class Counsel who did not qualify as Class Members are fair and reasonable and therefore are approved by the Court;

K.      The Court approves the payment of attorneys' fees, costs, and expenses to Class Counsel (the "Attorneys' Fees and Costs Award") in the amount of $737,329.20 in fees and $192,670.80 in recoverable costs.  The Attorneys' Fees and Costs Award shall be distributed to Class Counsel in accordance with the terms of the Settlement Agreement;

L.      The Court approves the Service Payments to each identified Plaintiff as compensation for his or her time as set forth on Exhibit A;

M.      Except as otherwise provided in the Settlement Agreement or this Final Order, the settling Parties are to bear their own attorneys' fees and costs;

N.      Any unused portion of the Gross Settlement Fund reverts to Defendant or its designee;

7

      O.       The Court dismisses this action with prejudice; and

      P.       The Clerk shall close this matter.

      **DONE AND ORDERED** in Orlando, Florida on September 4, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Kevin W. Shaughnessy, Esq.
kshaughnessy@bakerlaw.com
James W. Seegers, Esq.
jseegers@bakerlaw.com
Mary Caroline Miller, Esq.
mcmiller@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Post Office Box 112
Orlando, Florida 32802-0112
*Attorneys for Defendants*

Thomas R. Bundy, III, Esq.
thomas.bundy@lawrencebundy.com
LAWRENCE & BUNDY LLC
8115 Maple Lawn Blvd., Suite 350
Fulton, Maryland 20759

Leslie J. Bryan, Esq.
leslie.bryan@lawrencebundy.com
Lisa M. Haldar, Esq.
lisa.haldar@lawrencebundy.com
LAWRENCE & BUNDY LLC
1180 West Peachstreet Street, NW, Suite 1650
Atlanta, Georgia 30309

Carlos J. Burruezo, Esq.
carlos@burruezolaw.com
Bertha L. Burruezo, Esq.
bertha@burruezolaw.com
BURRUEZO & BURRUEZO, PLLC
941 Lake Baldwin Lane, Suite 102
Orlando (Baldwin Park), Florida 32814
*Attorneys for Plaintiffs*


*The Objectors*

Emmanuel Breton
4443 Salvia Drive
Orlando, FL 32839

Harold Hardemon
3506 Fekany Place
Orlando, FL 32805

Onnes Encarnacion
7662 Links Crescent Drive, # 10105
Orlando, FL 32822
Juan Fabian
10142 Allenby Court
Orlando, FL 32821

Emilio Hernandez
PO Box 592603
Orlando, FL 32859

Rodney Zayas
8855 Parliament Court
Kissimmee, FL 34747

Cesar Paz
2632 Muscatello Street
Orlando, FL32837

Mark Garcia
13433 Hatherton Circle
Orlando, FL32832

Esaie Merelus
213 Loma Bonita Drive
Davenport, FL 33837

Juan Peralta
14 Woodman Street
Providence, RI 02907

Alfredo Rodriguez
400 Marlberry Leaf Avenue
Kissimmee, FL 34758

Richard Parada
3023 Bess Lane
Orlando, FL 32808

Sixto de los Santos
7333 Forestwood Court
Orlando, FL 32835

Carlos Altamonte
10501 Arbor View Boulevard
Orlando, FL 32825

John Paul Cudzilo
1735 Providence Boulevard
Deltona, FL 32725